IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY O'NEIL,<br><br>          Plaintiff,<br>v.<br><br>SHERIFF VICTOR HILL,<br><br>          Defendant. | CIVIL ACTION FILE<br>NO.: 1:21-CV-04173-AT-CCB |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Sheriff Victor Hill ("defendant" or "Sheriff Hill") files this memorandum of law in support of his motion to dismiss plaintiff's complaint (Doc. 1).

### I.    INTRODUCTION

This is a Section 1983 civil rights lawsuit filed by plaintiff Timothy O'Neil ("plaintiff"). Plaintiff alleges that on October 11, 2019, while he was a pretrial detainee at the Clayton County Jail ("CCJ"), he was placed in a "restraint chair" by Sheriff Hill for five hours after plaintiff allegedly "had done nothing to justify the use of the restraint chair." (Doc. 1, ¶¶ 11-17.) Plaintiff alleges that Sheriff Hill placed him in the restraint chair "purely to punish Plaintiff for his alleged criminal actions which occurred prior to his arrest." (Id. at ¶ 39.) Additionally, plaintiff also complains about various other aspects of his confinement at the CCJ, including lack

of toiletries, clothing, bedding, food options, and privacy. (Id. at ¶ 40 (a)-(h).) Based on the foregoing, plaintiff now brings this action against Sheriff Hill claiming unconstitutional conditions of confinement pursuant to 42 U.S.C. § 1983. (Id. at ¶¶ 38-44.) Plaintiff seeks compensatory and punitive damages as well as attorney's fees. (Id. Prayer for Relief.)

Defendant now moves to dismiss all of plaintiff's claims and the complaint in its entirety because plaintiff failed to exhaust his administrative remedies at the CCJ prior to filing suit as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). As shown below, defendant's motion should be granted, and plaintiff's complaint dismissed in its entirety.

## II.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff's Complaint Is Subject To Dismissal Under the PLRA Due To His Failure To Exhaust Administrative Remedies

#### 1.   Standard Under The PLRA

"Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008).

> First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.

Id. PLRA exhaustion defenses are generally analyzed using the subject matter

jurisdiction standard of Rule 12(b)(1). See Bryant v. Rich, 530 F.3d 1368, 1374–76 (11th Cir. 2008); Turner, 541 F.3d at 1082 ("This means that procedurally the defense is treated 'like a defense of lack of jurisdiction,' although it is not a jurisdictional matter.").

> If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion.

Turner, 541 F.3d at 1082. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083.

### 2.   Exhaustion of Administrative Remedies Under the PLRA

The PLRA provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The plain language of the statute demonstrates that it applies to detainees and inmates confined in a jail. Baker v. Duval Cty. Jail, No. 17-12453-H, 2018 U.S. App. LEXIS 28147, at *1 n.1 (11th Cir. Oct. 4, 2018) (finding that although plaintiff is a pretrial detainee, the PLRA applies to him); Morrill v. Holmes Cty. Jail, No. 5:15-cv-324-WTH-GRJ, 2018 U.S. Dist. LEXIS 219853, at *20 (N.D. Fla. Jan. 30, 2018) ("The PLRA requires a detainee or prisoner to exhaust all

available administrative remedies before filing an action challenging prison or jail conditions."). Furthermore, the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Wright v. Langford, 562 F. App'x 769, 775 (11th Cir. 2014). A court does not have the discretion to waive the exhaustion requirement. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The PLRA also requires exhaustion to be "proper." Woodford v. Ngo, 548 U.S. 81 (2006).  To "properly" exhaust his claims, a detainee must "us[e] all steps" in the administrative process, and he must comply with "deadlines and other critical procedural rules." Woodford, 548 U.S. at 89 (internal quotations omitted).  As the language of the PLRA makes clear, if an administrative remedy is "available," it must be exhausted. 42 U.S.C. § 1997e(a); Alexander, 159 F.3d at 1326. Further, in order to exhaust all available administrative remedies, an inmate must pursue all of his administrative appeals if his grievance is denied. Moore v. Smith, 18 F. Supp. 2d 1360, 1362 (N.D. Ga. 1998). If a detainee fails to complete the administrative process or falls short of compliance with the procedural rules governing prisoner grievances, he defaults his claims. Johnson v. Meadows, 418 F.3d 1152, 1159 (11th Cir. 2005).

### 3. Plaintiff Failed to Exhaust His Administrative Remedies Prior to Filing Suit

The CCJ has formal procedures in place for persons confined at the CCJ to file grievances when they feel it is necessary to do so. (See Declaration of Kali Huitt attached hereto as Exhibit A, ¶ 3, Exhibit 1 attached thereto.) The Clayton County Sheriff's Office Standard Grievance Procedure (the "Grievance Procedure"), in pertinent part, provides:

> a. Prior to the filing of a formal written grievance, an inmate shall attempt to resolve his or her grievance informally through discussion with an officer. If this effort fails, the inmate may submit a written grievance. The inmate must file the grievance within five (5) days of the alleged incident. Any grievances unresolved at the time of the inmate's release shall be considered closed.
>
> e. If the inmate disagrees with the response from the Grievance Officer, the inmate shall submit a written appeal to the Jail Administrator or his/her designee within two (2) days. The Jail Administrator or his/her designee may support the original resolution or offer another. The Jail Administrator or his/her designee shall return his or her decision within ten (10) days.
>
> f. If the inmate fails to submit a written notification of disagreement within two (2) days of the receipt, the grievance shall be considered administratively closed.

(Id.) Under the Grievance Procedure above, if a detainee intends to file a grievance, they are required to use the Kiosk system to electronically submit grievances and must do so within five (5) days of the alleged incident. (Exhibit A, ¶¶ 5-6.)

Here, Plaintiff alleges that while he was a pretrial detainee at the CCJ he was placed in a "restraint chair", and he complains about a variety of other aspects of his confinement at the CCJ, including that he was allegedly deprived of toiletries, clothing, bedding, food options, and privacy. (Doc. 1, ¶¶ 11-20, 40 (a)-(h).) Plaintiff, however, did <u>not</u> submit a <u>single</u> grievance regarding the restraint chair, any of the treatment he received while at the CCJ at the hands of Sheriff Hill, or the conditions of confinement which he complains of in this lawsuit. Plaintiff did not file a grievance at all while he was detained in the facility. (<u>See</u> <u>Exhibit A</u>.)

Because plaintiff did not submit a grievance alleging the wrongdoing he is complaining of in this action, his complaint is subject to dismissal for failure to exhaust administrative remedies under the PLRA. <u>See, e.g.</u>, <u>Jones v. Petty</u>, No. 5:10-CV-293, 2012 U.S. Dist. LEXIS 124849, at *15 (M.D. Ga. Aug. 2, 2012) (dismissing claims under the PLRA where plaintiff had five days under the jail's grievance procedure to submit a grievance regarding allegations of excessive force and failed to do so); <u>See also</u> <u>Varner v. Shepard</u>, 29 Fl. L. Weekly Fed. C 305 (U.S. 11th Cir. 2021) (district court properly dismissed the inmate's § 1983 claims because the plaintiff "failed to satisfy the PLRA's exhaustion requirement."); <u>Johnson v. Meadows</u>, 418 F.3d 1152, 1159 (11th Cir. 2005) ("[T]he PLRA's exhaustion requirement does contain a procedural default component: Prisoners **must** timely

meet the deadlines or the good cause standard of Georgia's administrative grievance procedures **before** filing a federal claim.") (emphasis added).

B.     <u>**Punitive Damages and Attorney's Fees Claims Subject to Dismissal**</u>

Plaintiff has requested an award of punitive damages and attorney's fees against defendant (Doc. 1, Prayer for Relief.). Should the underlying claim against defendant be dismissed, plaintiff's claims for punitive damages and attorney's fees with respect to that claim would also be subject to dismissal. See <u>J. Andrew Lunsford Properties, LLC v. Davis</u>, 257 Ga. App. 720, 722, 572 S.E.2d 682, 685 (2002) ("[T]he claims seeking attorney fees and punitive damages were properly dismissed as derivative of the other dismissed claims."); <u>OFS Fitel, LLC v. Epstein, Becker & Green, P.C.</u>, 549 F.3d 1344, 1357 (11th Cir. 2008) (finding that plaintiffs' claims for punitive damages and attorney's fees cannot survive without an underlying claim against defendants).

### III.     <u>CONCLUSION</u>

As shown above, plaintiff's complaint should be dismissed under the PLRA. Plaintiff never submitted a grievance at the CCJ regarding the conduct alleged in this lawsuit or the alleged conditions of confinement.  Therefore, his complaint is barred by the PLRA.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock

Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 31st day of January, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Mark Begnaud & Michael Eshman
Eshman Begnaud, LLC
315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
mbegnaud@eshmanbegnaud.com

This 31st day of January, 2022.

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)