IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY O'NEIL,<br><br>   Plaintiff,<br>v.<br><br>SHERIFF VICTOR HILL,<br><br>   Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-04173-AT-CCB |

### DEFENDANT'S MOTION TO STAY ALL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW defendant Victor Hill (hereinafter "defendant"), and pursuant to FED. R. CIV. P. 26(d) and L.R. 26.1, respectfully moves this Court for an order staying all discovery in this action, including disclosures pursuant to FED. R. CIV. P. 26 and L.R. 16.1 and 16.2, pending a final ruling on defendant's motion to dismiss plaintiff's complaint. As grounds for this motion, defendant shows the following:

### I.   INTRODUCTION

Defendant has filed a motion to dismiss based on the allegations in plaintiff's complaint. In his motion, defendant seeks an order dismissing plaintiff's case for failure to exhaust administrative remedies under the Prison Litigation Reform Act. As such, depending on this Court's ruling, plaintiff's claims may be dismissed, thereby rendering discovery unnecessary. In the interests of efficiency and justice, and to prevent undue burden and expense, defendant now requests that all discovery,

including disclosures pursuant to FED. R. CIV. P. 26 and L.R. 26.1, be stayed pending the Court's consideration of, and ruling on, his motion to dismiss.

## II.   ARGUMENT AND CITATION TO AUTHORITY

This Court has broad discretion to control discovery. Indeed, Rule 26(d) of the Federal Rules of Civil Procedure provides the Court broad discretion to alter the sequence of discovery "for the convenience of the parties . . . and in the interests of justice." FED. R. CIV. P. 26(d); see also Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1558-59 (11th Cir. 1985) (court has "broad discretion to stay discovery until the district court rules on a pending dispositive motion"). Pursuant to this authority, it is proper for a trial court to stay discovery while a dispositive motion is pending. Horsley v. Feldt, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (ruling that stay of discovery was proper pending district court's disposition of a motion for judgment on the pleadings that challenged the sufficiency of the complaint's allegations); Chudasma v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) (holding that stay of discovery was proper pending district court's resolution of motion based on failure to state a claim for relief).

In exercising its discretion, this Court should stay discovery in this matter, thereby relieving the parties from having to expend time and resources on discovery pending a ruling on defendant's motion to dismiss. Any discovery conducted before such a ruling would likely be overly broad and encompass claims which are subject

-2-

to dismissal. As the Eleventh Circuit has noted, "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." Anderson v. Dist. Bd. Of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366-67 (11th Cir. 1996). The purpose of discovery is not "to enable a plaintiff to make a case when [his] complaint has failed to state a claim." Butler v. Sukhoi Co., 579 F.3d 1307, 1315 (11th Cir. 2009) (citing Kaylor v. Fields, 661 F.2d 1177, 1184 (8th Cir. 1981)). Rather, "[d]iscovery should follow the filing of a well-pleaded complaint." Kaylor, 661 F.2d at 1184.

In his motion, defendant has demonstrated to the Court that under no circumstances can he be held liable to plaintiff on the asserted claims in the complaint. Because defendant's motion is limited to those well-plead allegations in plaintiff's complaint, there is no need for discovery at the present time as no factual development is necessary for the Court to pass upon the sufficiency of plaintiff's claims against them. Mullins v. M.G.D. Graphics Systems Group, 867 F.Supp. 1578, 1579 (N.D. Ga. 1994) ("the Court must presume, for purposes of this motion, that all well-pleaded factual allegations of the Complaint are true and all contravening assertions in the movant's pleadings are false.").

For these reasons, an order staying all discovery, including disclosures and planning conferences pursuant to FED. R. CIV. P. 26 and L.R. 26.1, will protect all

parties from expending time, effort, and resources on potentially irrelevant claims or issues.

### III.   CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant his motion and stay all discovery in this matter pending the Court's consideration of and ruling on his motion to dismiss plaintiff's complaint.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

Attorneys for Defendant

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 31st day of January, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing **DEFENDANT'S MOTION TO STAY ALL DISCOVERY AND MEMORANDUM OF LAW IN SUPPORT** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Mark Begnaud & Michael Eshman
Eshman Begnaud, LLC
315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
mbegnaud@eshmanbegnaud.com

This 31st day of January, 2022.

/s/ A. Ali Sabzevari
A. Ali Sabzevari
Georgia Bar No. 941527

**FREEMAN MATHIS & GARY, LLP**
661 Forest Parkway
Suite E
Forest Park, Georgia 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)