IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIMOTHY O'NEIL,<br><br>    Plaintiff,<br>v.<br><br>SHERIFF VICTOR HILL,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:21-CV-04173-AT-CCB |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Sheriff Victor Hill ("defendant") files this reply brief in support of his motion to dismiss. (Doc. 7.)

**I. ARGUMENT AND CITATION OF AUTHORITY**

**A. Plaintiff's Claims are Subject to Dismissal Under the PLRA Due to His Failure to Exhaust Administrative Remedies**

As set forth in defendant's initial brief, plaintiff did <u>not</u> submit a grievance regarding the conditions of his confinement while he was at the Clayton County Jail ("CCJ"). In his response, "[p]laintiff does not dispute that he was a pretrial detainee subject to the PLRA's exhaustion requirement, he does not dispute [d]efendant Hill's claim that there was a written policy at the Clayton County Jail allowing inmates to file grievances, and he does not claim that he filed a grievance." (Doc. 9 at 2.)

However, plaintiff contends that the grievance procedure was unavailable to him because plaintiff contends that (1) he was never given an inmate handbook or told about the grievance procedure at CCJ; and (2) he was thwarted from submitting a grievance because he contends that using the grievance procedure would have subjected him to "more of the same – the restraint chair and the special mental health area[.]" (Doc. 9 at 5, 11.) As shown below, both of plaintiff's contentions fail. The grievance procedure was available to plaintiff, and because he failed to properly utilize same prior to filing this lawsuit, his complaint is barred by the PLRA.

**1.    Challenge to the Availability of the Grievance Procedure Fails**

In his response, plaintiff states that the grievance procedure was unavailable to him because he was never given an inmate handbook or told about the grievance procedures. (Doc. 9 at 5.) "While the burden is on the defendant to show an *available* administrative remedy, once that burden has been met, the burden going forward shifts to the plaintiff, who, pursuant to Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008), must demonstrate that the grievance procedure was 'subjectively' and 'objectively' unavailable to him." Geter v. Baldwin State Prison, 974 F.3d 1348, 1356 (11th Cir. 2020); see also Maldonado v. Ford, No. 5:19-cv-421 (MTT), 2021 U.S. Dist. LEXIS 237344, at *3 (M.D. Ga. Dec. 13, 2021). Defendant's moving brief makes clear that a grievance procedure exists at the CCJ, and plaintiff does not

contest that fact. (Docs. 5-6; Doc. 9 at 2.) Consequently, plaintiff's argument relies solely on the alleged unavailability of the remedy. While "[a]n administrative procedure that is **unknown and unknowable** is unavailable," Presley v. Scott, 679 F. App'x 910, 912 (11th Cir. 2017), the grievance procedure at the CCJ is neither of those things.

Plaintiff's brief provides guidance as to the definition of an unavailable administrative remedy. As stated therein, courts recognize

> three situations where an administrative procedure is unavailable: (1) when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (2) when an administrative scheme is so opaque it becomes incapable of use; and (3) when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

(Doc. 9 at 3) (citing Ross v. Blake, 578 U.S. 632, 643-44 (2016)). Additionally, "when a remedy is, in Judge Carnes's phrasing, essentially 'unknowable'—so that no ordinary prisoner can make sense of what it demands—then it is also unavailable." Blake, 578 U.S. at 644; Turner, 541 F.3d at 1084.

As set forth in Sergeant Huitt's declaration, the CCJ has a clear grievance procedure whereby inmates "are required to use the kiosk system to electronically submit grievances" and all inmates are informed and educated about same during orientation and CCJ staff are available to answer any questions about submitting

grievances. (Doc. 6 at ¶¶ 4, 5.) The kiosks are located in every housing unit at the CCJ. (See Declaration of Major Martin ("Martin Decl.") attached hereto as Exhibit A, ¶ 7.) Following a successful login by an inmate, they are offered a variety of options including, but not limited to, (i) reviewing a digital copy of the inmate handbook; (ii) making medical requests and/or general requests; and (iii) submitting a grievance. (See Exhibit A at ¶ 9; Exhibit 1 at 2.) It is worth noting that all these options, among others, appear on a single consolidated user-friendly home page. (See Exhibit 1 at 2.)



Throughout plaintiff's incarceration at the CCJ, he repeatedly utilized the kiosks to submit requests—from the mundane (haircut), to important requests seeking medication and treatment for his mental health. (See Exhibit 2.) Plaintiff utilized the kiosk system and submitted inmate requests as early as October 27, 2019. (Exhibit 2.) Plaintiff knew how to use the kiosk and through same had access to the grievance system, but plaintiff deliberately chose not to submit a grievance. Plaintiff also had access to the inmate handbook through the kiosk. (Exhibit 1.) For this reason, plaintiff's reliance on Goebert v. Lee Cnty., 510 F.3d 1312, 1323 (11th Cir. 2007), where an inmate was not given access to an inmate handbook is misplaced. Plaintiff's alleged lack of knowledge about the functionality of the kiosks or submitting grievances is belied by his own conduct and therefore should be rejected. See, e.g., Doe v. Sheely, 855 F. App'x 497, 500 (11th Cir. 2021) ("The record further shows Doe knew she could file grievances with Spalding County jail about the Meriwether County jail, as evidenced by her filing of several such grievances and requests.").

Moreover, plaintiff's "unawareness" argument was presented to a district court in this Circuit and summarily rejected. See e.g., Youmans v. St. Lucie Cty. Jail, No. 15-14164-Civ-MARRA, 2018 U.S. Dist. LEXIS 8944, at *55 (S.D. Fla. Jan. 18, 2018). The plaintiff in Youmans argued, similar to plaintiff in the instant

case, that he "was unaware that he had to complain or otherwise grieve the issues." Id. Like in Youmans, this is "refuted by the record evidence." (See Exhibit 2.) The district court was not persuaded by this lack of awareness argument as making the grievance procedure unavailable because there was not a "dead end" or "opaque" administrative scheme, or "thwarting" of the grievance process. Id. at *20-21 (citing Blake, 136 S. Ct. at 1852).

There can be no dispute that plaintiff was cognizant of, and familiar with, the functionality of the kiosks within the CCJ. Defendant has submitted declarations from a Major and Sergeant within the CCJ who swear to the functionality of the kiosks and that inmates are informed, and well aware of, the grievance procedure. Additionally, as shown by the evidence, plaintiff's repeated kiosk entries undercut any contention that the process was unknown or unavailable to him. In fact, plaintiff submitted **ten** requests in seventeen days on the same kiosks inmates use to file grievances. (See Exhibit 2.)

Plaintiff's argument that the SOP describes a paper-based grievance submission process is also immaterial because the process is the same. As mentioned, inmates are educated at orientation on how to use the kiosk, which plaintiff clearly had no trouble doing throughout his detention. Consequently, the grievance procedure at the CCJ is understood and available as required by the PLRA.

### 2. Plaintiff's Allegations of Intimidation Are Insufficient to Excuse the Exhaustion Requirement at the CCJ

Plaintiff next contends that the grievance procedure was unavailable to him because he contends that if he complained about the facility, he would face additional punishment. (Doc. 9 at 11.) An inmate's general fear that he might suffer retaliation, however, is not enough to deem the grievance procedure unavailable for purposes of avoiding a PLRA dismissal. See Poole v. Rich, No. CV606-68, 2007 U.S. Dist. LEXIS 55794 at *2 (S.D. Ga. Aug. 1, 2007) aff'd, 312 F. App'x 165 (11th Cir. 2008) ("[T]he exhaustion requirement is not excused merely because a plaintiff alleges that he was threatened with being beaten if he complained"); see also Garcia v. Glover, 197 F. App'x 866, 867-68 (11th Cir. 2006) (affirming dismissal of complaint based on failure to exhaust when the plaintiff alleged that officers "'most likely' would have 'killed' him or 'shipped him out'" if they learned the plaintiff had filed a complaint).

To successfully excuse a failure to exhaust "more than mere threats are normally required. Generally to excuse exhaustion an inmate must allege both threats of retaliation as well as the use of physical force in response to the filing of grievances." Porter v. Baxter, No. 5:10-CV-206-RS-GRJ, 2012 WL 684803, at *4 (N.D. Fla. Jan. 30, 2012) report and recommendation adopted, No. 5:10-CV-206/RS-GRJ, 2012 WL 760628 (N.D. Fla. Mar. 8, 2012); see also Kaba v. Stepp,

458 F.3d 678, 684-86 (7th Cir. 2006) (finding that exhaustion could be excused where prisoner was threatened with beating for filing grievances and threat was carried out); Hemphill v. New York, 380 F.3d 680, 689 (2d Cir. 2004) (noting that if inmate was assaulted and threatened to keep him from complaining, exhaustion should be excused).

Notably the Eleventh Circuit has held that a prisoner who had been threatened with retaliation by prison officials if he filed a grievance was excused from complying with the PLRA's exhaustion requirements. Turner, 541 F.3d at 1085. However, in order for the threat to be sufficient to excuse the exhaustion requirements, the Eleventh Circuit held that the prison official must make "serious threats of **substantial** retaliation against an inmate for lodging in good faith a grievance" and also that the following two conditions must be met: (1) that the threat actually deter the plaintiff inmate from lodging a grievance or pursuing a particular process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust. Id. Plaintiff completely fails to make a sufficient showing to satisfy this test.

Here, plaintiff's bald assertion that "[w]hen [he] was told to keep [his] head down and keep [his] mouth shut, [he] took that to mean that [he] would get more of

the same—the restraint chair and the special mental health area—if [he] said anything" (Doc. 9 at ¶ 20) does not rise to the level of a threat or intimidation that would deter a reasonable inmate from using the grievance procedure. On the contrary, no such statement explicitly directed plaintiff to refrain from using the kiosks for any approved function, nor did he abstain from doing so. More importantly, plaintiff does not allege anywhere that defendant Sheriff Hill, or any other CCJ officer, used physical force to prevent his use of, or in retaliation for his use of, the readily available kiosks. This completely distinguishes the instant case from Turner.[1] Plaintiff's purported fear based on one alleged comment is too speculative to excuse plaintiff from pursuing his administrative remedies. See, e.g., Mitchell v. Rivera, No. 4:13-1949-TMC, 2014 U.S. Dist. LEXIS 90627, at *10 (D.S.C. July 3, 2014) (finding that where plaintiff did not allege that defendant threated retaliation if he pursued administrative remedies specifically, fear of violence was "too speculative" to excuse exhaustion of administrative remedies). Moreover, plaintiff was completely undeterred from submitting requests through the

---

[1] More specifically, in Turner the inmate alleged that after he filed his initial grievance the warden called him to security, personally threatened him, tore up the inmate's grievance, and threatened him again – making specific reference to the inmate filing grievances complaining about the conditions within the jail. Turner, 541 F.3d at 1081. Consequently, the inmate did not file another grievance. Id. Compared to the case at bar, none of those things happened throughout plaintiff's detention in the CCJ, nor does he allege with specificity that they did.

kiosks, and no threats or intimidation prevented him from utilizing the same. Consequently, the "intimidation" vaguely alleged in plaintiff's complaint is categorically insufficient to excuse plaintiff's failure to exhaust his administrative remedies.

B. **Punitive Damages and Attorney's Fees Claims Remain Subject to Dismissal**

In his initial brief, defendant asserted that plaintiff's claims for punitive damages and attorney's fees should be dismissed because the underlying substantive claims are subject to dismissal. (Doc. 5 at 7.) Plaintiff does not substantively respond or oppose this contention. (Doc. 9 at 12.) Plaintiff merely states in his conclusion section that "[t]he Court should also deny [d]efendant Hill's alternate request for relief – that the claims for punitive damages and attorney's fees be dismissed – because that motion is dependent on the success of [d]efendant Hill's primary argument under the PLRA." (Id.) Given that defendant has shown that plaintiff's claims are barred by the PLRA for failure to exhaust administrative remedies, plaintiff's claims for punitive damages and attorney's fees should likewise be dismissed. See, e.g., Patel v. United States Bank Nat'l Ass'n, No. 1:18-cv-04401-LMM-AJB, 2019 U.S. Dist. LEXIS 195080, at *17 (N.D. Ga. June 22, 2019) ("Claims seeking attorney fees and punitive damages are derivative of other claims and are properly dismissed if the claims they rely on are dismissed.").

## II.  CONCLUSION

As shown above, and in defendant's initial brief, plaintiff's complaint must be dismissed under the PLRA because plaintiff failed to properly exhaust his administrative remedies at the CCJ prior to filing this action. On the facts of the instant case, plaintiff had access to the kiosk whereby he could submit a grievance, and as shown above, plaintiff repeatedly utilized the system throughout his detention. However, plaintiff **never** submitted a grievance, nor did he ever complain about the conditions of his confinement. "Proper exhaustion is mandatory, and courts have no discretion to waive it or excuse it based on improper or imperfect attempts to exhaust, no matter how sympathetic the case or how special the circumstances." Booth v. Bobbitt, No. 6:19-cv-69, 2021 Dist. LEXIS 227331, at *3-4 (S.D. Ga. Nov. 1, 2021) (citing Blake, 136 S. Ct. at 1857; Jones v. Bock, 549 U.S. 199 (2007)). "[C]ourts may only determine whether administrative remedies are available and whether the inmate properly exhausted these remedies prior to bringing his federal claim. Id. at *4.  Given plaintiff's complete failure to exhaust or even attempt to exhaust his administrative remedies, plaintiff failed to satisfy the requirements of the PLRA prior to filing suit. Consequently, his claims are barred.

This 14th day of March, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
Jack R. Hancock
Georgia Bar No. 322450
jhancock@fmglaw.com
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rule 7.1(D), that the foregoing memorandum of law has been prepared in accordance with Local Rule 5.1(C) (Times New Roman font, 14 point).

This 14th day of March, 2022.

**FREEMAN MATHIS & GARY, LLP**

*/s/ A. Ali Sabzevari*
A. Ali Sabzevari
Georgia Bar No. 941527
asabzevari@fmglaw.com

661 Forest Parkway, Suite E
Forest Park, Georgia 30297
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing **REPLY BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record:

Mark Begnaud & Michael Eshman
Eshman Begnaud, LLC
315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
mbegnaud@eshmanbegnaud.com

This 14th day of March, 2022.

>  */s/ A. Ali Sabzevari*
> A. Ali Sabzevari
> Georgia Bar No. 941527

FREEMAN MATHIS & GARY, LLP
661 Forest Parkway
Suite E
Forest Park, Georgia 30297-2257
(404) 366-1000 (telephone)
(404) 361-3223 (facsimile)