**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

TIMOTHY O'NEIL,

    Plaintiff,

v.

SHERIFF VICTOR HILL,

    Defendant.

Civil Action File No. 1:21-cv-04173-AT-CCB

COMES NOW Melvin McDay, Plaintiff in the above-styled civil action, and submits his initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

**(1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.**

This is a conditions of confinement action brought pursuant to 42 U.S.C. §§ 1983 and 1988 as well as the Fourteenth Amendment to the United States Constitution by Plaintiff Timothy O'Neil, a person

1

incarcerated at the Clayton County Jail, against Sheriff Victor Hill for allegedly ordering that Plaintiff be strapped into a restraint chair purely to punish Plaintiff for his alleged criminal actions which occurred prior to his arrest, and for subjecting Plaintiff to other allegedly inhumane conditions of confinement.

On October 11th, 2019, Sheriff Victor Hill entered the infirmary of the Clayton County Jail to punish inmate Timothy O'Neil.  Prior to his arrest, O'Neil had been involved in a standoff with police that had required Hill to shut down I-75.  Plaintiff alleges that Hill went to see O'Neil to deliver payback.

Hill ordered O'Neil to be placed in the restraint chair for hours – an inhumane practice for which Hill is currently under federal indictment. Hill then ordered O'Neil to be kept in the mental health area for weeks, exposing O'Neil to prolonged low temperatures with no access to bedding or clothes—beyond a paper medical gown—no toilet paper, toothbrush, toothpaste, or other toiletries, and no access to food beyond the barely edible "Nutraloaf."

**(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.**

O.C.G.A. §§ 51-1-13 and 51-1-14 as well as 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the U.S. Constitution; Graham v. Connor, 490 U.S. 386 (1989); Tennessee v. Garner, 471 U.S. 1, 8-9 (1985); Hoyt v. Cooks, 672 F.3d 972, 977 (11th Cir. 2012); Thornton v. City of Macon, 132 F. 3d 1395 (11th Cir. 1998); Hadley v. Gutierrez, 526 F.3d 1324, 1330 (11th Cir. 2008); Shuford v. Conway, 666 Fed.Appx. 811, 817 (11th Cir. 2016); Brown v. City of Huntsville, Ala., 608 F.3d 724, 739 (11th Cir. 2010); Vinyard v. Wilson, 311 F.3d 1340, 1347-49 (11th Cir. 2002); Danley v. Allen, 540 F.3d 1298, 1309 (11th Cir. 2008); Kingsley v. Hendrickson, 135 S.Ct. 2466, 2473 (2015); Walker v. City of Riviera Beach, 212 F. Appx. 835, 838 (11th Cir. 2006); Velazquez v. City of Hialeah, 484 F.3d 1340, 1341-42 (11th Cir. 2007); Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994); Magwood v. Sec'y, Fla. Dep't of Corr., 652 Fed.Appx. 841 (11th Cir. 2016); Goebert v. Lee Cty.,

510 F.3d 1312, 1326–27 (11th Cir. 2007); <u>Keith v. DeKalb Cty.</u>, 749 F.3d

1034 (11th Cir. 2014); <u>Harper v. Lawrence Cty.</u>, 592 F.3d 1227 (11th

Cir. 2010). Plaintiff reserves the right to supplement his response as

allowed by the Federal Rules of Civil Procedure.

**(3) Provide the name and, if known, the address and**

**telephone number of each individual likely to have discoverable**

**information that you may use to support your claims or**

**defenses, unless solely for impeachment, identifying the**

**subjects of the information.**

Plaintiff (who may be contacted through undersigned counsel) will

provide testimony regarding the incident in question and damages

flowing therefrom.

Defendants and the other employees of the Clayton County

Sheriff's Office identified in Defendants' Initial Disclosures or discovery

responses.

4

Any inmate who was present at the Clayton County Jail at the same time as Plaintiff's incarceration who witnessed any of the events described in the complaint.

Plaintiff's family members who Plaintiff saw and with whom Plaintiff interacted during or after his release form custody will provide testimony regarding Plaintiff's damages.

Individuals with knowledge of other incidents of excessive force and/or illegal use of the restraint chair such as those identified in Defendant Hill's criminal indictment or the civil cases against Defendant Hill.

Other persons to be identified through discovery.

Any person necessary to authenticate a document or explain a document's content.

All witnesses listed on Defendants' Initial Disclosures.

Plaintiffs reserve the right to supplement this response as discovery continues.

**(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

Plaintiff has not yet retained an expert in regard to this matter, but Plaintiff expects to call treating physicians identified in his medical records.  Plaintiff reserves the right to name such expert as allowed by the Federal Rules of Civil Procedure.

**(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

Criminal Case File for Timothy O'Neil; Internal Clayton County Jail records (e.g. incident report(s)) related to the incident(s) describe in

Plaintiff's complaint; Plaintiff's medical records; Defendants' internal files (IA file, personnel file, etc.) in the custody of the Clayton County Sheriff's Office; Policies and procedures of Clayton County Sheriff's Office; civil and criminal records associated with the criminal prosecution of Defendant Hill and civil lawsuits against Defendant Hill for illegal use of the restraint chair and/or excessive force.

Plaintiff reserves the right to supplement this response and/or provide/identify additional records as discovery continues.

**(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.**

Special Damages

Plaintiff was restrained in the restraint chair for hours – an inhumane practice for which Hill is currently under federal indictment. Plaintiff was then subjected to inhumane conditions in the mental health area for weeks, where he was exposed to prolonged low temperatures with no access to bedding or clothes—beyond a paper medical gown—no toilet paper, toothbrush, toothpaste, or other toiletries, and no access to food beyond the barely edible "Nutraloaf."

## General Damages

Pain and suffering, including but not limited to past and future physical pain and disability, mental anguish, emotional distress, and interference with enjoyment of life (to be determined by the enlightened conscience of fair and impartial jurors). Additionally, punitive damages to punish and deter (to be determined by the enlightened conscience of fair and impartial jurors).

## Attorney's Fees

To be determined by the Court post-judgment based upon the quantity and quality of work performed, and the expenses incurred, by Plaintiff's counsel.

**(7) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.**

N/A

**(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.**

N/A

This 6th Day of December, 2022

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641

9

mbegnaud@eshmanbegnaud.com

ESHMAN BEGNAUD, LLC
315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
(404) 491-0170

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **Plaintiff's Initial Disclosures** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to counsel of record who are CM/ECF participants:

Jack R. Hancock
jhancock@fmglaw.com
A. Ali Sabzevari
asabzevari@fmglaw.com
Chandler Justine Emmons
cjemmons@fmglaw.com
FREEMAN MATHIS & GARY, LLP
661 Forest Parkway, Suite E
Forest Park, GA 30297

This 6th Day of December, 2022

/s/ Mark Begnaud
Mark Begnaud
Georgia Bar No. 217641
mbegnaud@eshmanbegnaud.com

ESHMAN BEGNAUD, LLC

315 W. Ponce De Leon Ave, Suite 775
Decatur, GA 30030
(404) 491-0170